IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHN F. COX                                                                                           PLAINTIFF

v.                                              CIVIL NO. 22-cv-3067

KILOLO KIJAKAZI, Acting Commissioner                                       DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, John F. Cox, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for DIB on June 10, 2017. (Tr. 77).  In his application, Plaintiff alleged disability beginning on September 15, 2016, due to a separated shoulder, spinal fractures, left hip issues, allergies, and difficulty remembering things.  (Tr. 12, 375). An administrative hearing was held via telephone on June 23, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 38–75).  A vocational expert ("VE") also testified. *Id*.

On December 29, 2021, the ALJ issued an unfavorable decision.  (Tr. 9–38).  The ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical, lumbar, and thoracic spine.  (Tr. 15–16). The ALJ found that Plaintiff's medically determinable impairments of pain disorder and adjustment disorder with depressed mood were nonsevere impairments.  The ALJ found Plaintiff's impairments did not meet or medically equal

the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except that he could frequently climb, balance, stoop, knee, crouch, and crawl; and can occasionally overhead reach bilaterally. (Tr. 17–24).

With the help of the VE, the ALJ found Plaintiff would be unable to perform any of his past relevant work but would be able to perform the representative occupations of industrial cleaner, hospital cleaner, or hand packager. (Tr. 24–25). The ALJ found Plaintiff was not disabled from September 15, 2016, through December 29, 2021, the date of his decision. (Tr. 25). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 18, 20).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the ALJ's decision denying benefits was not supported by substantial evidence; 2) whether the ALJ erred by failing to properly evaluate Plaintiff's work history, testimony, and impairments; 3) whether the ALJ erred in assessing the medical opinion evidence; 4) whether the ALJ erred in providing an inaccurate hypothetical question to the VE; and 5) whether the ALJ erred by failing to limit Plaintiff to light or sedentary work, and considering whether Plaintiff would be disabled according to the medical vocational guidelines with these restrictions (ECF No. 18). Defendant argues that the ALJ's decision was supported by substantial evidence. (ECF No. 20). Defendant argues that the ALJ properly considered Plaintiff's medical history, subjective complaints, response to treatment, and reported activities of daily living.  Defendant asserts that the ALJ properly considered the opinion evidence, appropriately assessed Plaintiff's RFC, and posed a hypothetical to the VE which contained the Plaintiff's limitations.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. While Plaintiff did report significant pain and limitations in the use of his left hand, the ALJ considered all of the evidence and provided an RFC finding that was based upon substantial evidence. The ALJ then posed a hypothetical to the VE containing those restrictions found in the RFC assessment. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby

summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 11th day of December 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4